CERTIORARI to justice M'Caulley.
Pearce vs. Thompson. "Demand on account $15 00." Appearance — plea of nil debet; reference; report and judgment for plaintiff for $15 00. New trial on the demand of defendant; trial by referees; report and judgment for $10,00.
The defendant below alledged diminution, and obtained an order for a further return of the cause of action; to which the justice returned that there was nothing further among the record and proceedings before him than what he had already returned.
The defendant below also filed an affidavit that he had brought forward before the referees a counter demand exceeding fifteen dollars, which was disallowed by the referees; and that after the report made, and within fifteen days, he appeared before the justice and prayed an appeal on this ground, which the justice refused, though he was informed by one of the referees at the time the appeal was prayed, that such counter claim had been brought forward before them.
On this affidavit he prayed an order to make proof of these facts out of the record.
He also filed the following exceptions to the record: 1st. Because the justice illegally refused to allow the appeal. 2d. Because the record shows no cause, of action within the magistrate's jurisdiction; and he has neglected and refused on diminution alledged, to send up the cause of action.
Wales, for plaintiff, in the certiorari. — 1st. The defendant was deprived of his right of appeal by the omission to state on the record that he brought forward and insisted on a counter claim exceeding $15 00, which was disallowed him by the referees. 2d. It is not enough that the justice state the cause of action to have been a "demand on account." He was bound to show what it was, in order to support his jurisdiction.
Gilpin — The defendant below was bound to bring forward his counter claim before the justice, in order that it might appear on the record to entitle the defendant to an appeal. The fact of such a plea *Page 498 
of set-off does not appear from the record; and the affidavit shows that no such plea or offer of a counter claim was ever presented to the justice, but only to the referees; and it proves, moreover, that the justice had no knowledge of such counter claim, until the demand for an appeal, which nothing on his record would justify his allowing. This disposes of the allegations in the affidavit against the record.
The exceptions to the record are not sufficient to warrant a reversal of the judgment. It is enough that the record states it to be "a demand 011 account." He is not bound to send up the evidence. (1Harr. Rep. 530, Kiser vs. Downey.) Perhaps, if a party defendant would deny by affidavit that it was a matter within the justice's jurisdiction, he would be permitted to prove the fact dehors the record. But that is not done here.
Mr. Wales. — The return of "demand on account" is not a sufficient return of the cause of action, especially after diminution alledged on an order for further return in respect to the matter. (3Johns. Rep. 145.) 2d. The defendant had a right to bring forward his counter claim before the referees as well as before the justice. And the consequences of not bringing it forward are to deprive him of any right of action upon it, if under fifty dollars. (Dig. 335, secs. 8, 22.)
The Court. — The jurisdiction of the justice sufficiently appears; and there is no denial of this by the defendant's affidavit. The magistrate is not bound to send up the evidence in the cause.
The law requires that if the defendant insists upon, a counter claim he shall bring it forward before the justice. The meaning of this is, that he shall bring it forward in such manner as to conclude him, if the decision be against him; if he would have the benefit of it as the ground of appeal. (§§ 8, 22.)
 Judgment affirmed.